Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
Jessica Miller; AZ Bar No. 031005
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com
jmiller@zoldangroup.com

Attorneys for Plaintiff
Michelle Hanrahan

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Hanrahan**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Lone Mountain Electric, LLC**, a limited liability company; **James Lord**, an Arizona resident, **Tammy Lord**, an Arizona resident, and **Lynn Meyer**, an Arizona resident,<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Michelle Hanrahan, for her Verified Complaint against Defendants, hereby alleges as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely payment of wages under the Arizona

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid minimum wage compensation, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Plaintiff's state law claim is sufficiently related to her federal claim that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff Michelle Hanrahan resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from in or around August of 2016 until on or about September 16, 2016.

9. At all relevant times, Plaintiff was an employee of the Defendants as defined in 29 U.S.C. § 203(e)(1).

10. Defendant Lone Mountain Electric, LLC, is a limited liability company,

authorized to do business in Arizona, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 23-350.

11. Defendant James Lord is an Arizona resident. He has directly caused events to take place giving rise to this action. James Lord is an owner of Lone Mountain Electric, LLC.

12. Defendant Tammy Lord is an Arizona resident. She has directly caused events to take place giving rise to this action. Tammy Lord is an owner of Lone Mountain Electric, LLC.

13. Defendant Lynn Meyer is an Arizona resident. She has directly caused events to take place giving rise to this action. Lynn Meyer is an owner of Lone Mountain Electric, LLC.

14. Defendants James Lord and Tammy Lord are, upon information and belief, husband and wife. They have caused the events to take place giving rise to this action as to which their marital community is fully liable.

15. Under the FLSA and the Arizona Wage Statute, Defendants James Lord, Tammy Lord, and Lynn Meyer are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants James Lord, Tammy Lord and Lynn Meyer are the owners of Lone Mountain Electric, LLC. They determined the method and rate of Plaintiff's payment of wages. As persons who acted in the interest of Lone Mountain Electric, LLC in relation to the company's employees James Lord, Tammy Lord, and Lynn Meyers are subject to individual and personal liability under the FLSA.

16. Plaintiff is further informed, believes, and thereon alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

17. Defendants, and each of them, are sued in both their individual and corporate capacities.

18. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

19. At all relevant times, Defendants have been engaged in interstate commerce and have been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

20. Defendant Lone Mountain Electric, LLC is an electrical contracting company for commercial, industrial and residential service and construction.

21. On or around August 22, 2016, Plaintiff began employment with Defendants as a marketer and administrator.

22. On or around September 16, 2016, Plaintiff severed her employment with Lone Mountain Electric, LLC.

23. Defendants did not pay Plaintiff her final paycheck for work she performed between August 22, 2016 and September 16, 2016, which is estimated to be in excess of $1,950.00.

24. Despite her requests for payment, Defendants have refused to pay Plaintiff her final paycheck.

25. Defendants did not provide Plaintiff with a legitimate reason for withholding her final paycheck in its entirety.

26. On October 1, 2016, the next regular payday for the pay period during which Plaintiff's employment was severed, Plaintiff still had not received payment for wages due to her.

27. Between September 20, 2016 to October 28, 2016, Plaintiff made several phone calls to Defendants that were unanswered and unreturned.

28. On or about November 10, 2016 Plaintiff once again demanded payment of unpaid wages, treble damages, and attorneys' fees through counsel.

29. Defendants refused Plaintiff's demand.

30. As of the date of this filing, Plaintiff has not been paid her owed wages.

31. Plaintiff received $0.00 per hour for her last pay period which is below the FLSA's minimum wage.

32. As a result of receiving $0.00 per hour for all hours worked in a given workweek, an FLSA minimum wage violation has occurred.

33. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

34. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

35. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA and the Arizona Wage Statute were willful.

## COUNT I
### (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

36. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

37. At all relevant times, Plaintiff was employed by Defendants within the

meaning of the FLSA.

38. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

39. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

40. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving any compensation in accordance with 29 U.S.C.§ 206.

41. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

42. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated anything for time worked and failed to pay proper minimum wages. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

43. Defendants have not made a good faith effort to comply with the FLSA.

44. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)

45. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

46. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Wage Statute.

47. Defendants were aware of their obligation to pay timely wages pursuant to

A.R.S. § 23-351.

48. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

49. Defendants failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

50. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 12-341.01 and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 12, 2017.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 213
Scottsdale, AZ 85260
Attorneys for Plaintiff Michelle Hanrahan

## VERIFICATION

Plaintiff Michelle Hanrahan declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Michelle Hanrahan*
Michelle Hanrahan