# EXHIBIT A

AZ CORPORATION COMMISSION
FILED

AUG 31 2010

FILE NO. L-1624382-8



AZ Corp. Commission

03211024

## ARTICLES OF ORGANIZATION

Pursuant to ARS § 29-632, the undersigned state as follows:

1. The name of this limited liability company is "Lone Mountain Electric, LLC." and the address of it's registered office is:

   2740 S HOLGUIN WY
   CHANDLER, AZ 85248-3368

2. This limited liability company is organized to transact any and all lawful business for which a limited liability company may be organized under Arizona law.

3. The name and address of the Statutory agent for Service of Process is:

   James Lord
   609 E. Paradise Lane
   Phoenix, AZ 85022

4. At the time of formation, this limited liability company will have at least four members.

5. The latest date this limited liability company will dissolve is December 31, 2052.

6. Management of this limited liability company is reserved to the members.

7. The name and address of each party that is a member at time of formation of the limited liability company is as follows:

   Lynn Meyer (Managing Member)
   609 E. Paradise Lane
   Phoenix, AZ 85022

   Tammy Lord (Member)
   2740 S HOLGUIN WY
   CHANDLER, AZ 85248-3368

8. The liability of the members of this limited liability company for monetary damages shall be eliminated to the fullest extent permissible under Arizona law.

9. The limited liability company is authorized to provide indemnification of managers, officers, employees and agents through operating agreement provisions, agreements with the agents, vote of members, or otherwise, in excess of or in addition to the indemnification otherwise permitted under Arizona law.

DEF-ROSEN-0001

10. Any repeal or modification of the forgoing provisions by the Members of this limited liability company shall not adversely affect any right or protection of an agent or representative of this limited liability company existing at the time of such repeal or modification.

Dated as of this _31ˢᵀ_ day of August 2010.

Lynn Meyer, Managing Member

I, James D. Lord, having been designated to act as Statutory Agent, Hereby consent to act in that capacity until removed or resignation is submitted in accordance with the Arizona Revised Statutes.

By: James D. Lord

# EXHIBIT B

1   Michael Zoldan; AZ Bar No. 028128
2   Jason Barrat; AZ Bar No. 029086
    Jessica Miller; AZ Bar No. 031005
3   **ZOLDAN LAW GROUP, PLLC**
    14500 N. Northsight Blvd., Suite 213
4   Scottsdale, AZ 85260
5   Tel & Fax: 480.442.3410
    mzoldan@zoldangroup.com
6   jbarrat@zoldangroup.com
    jmiller@zoldangroup.com
7

8   Attorneys for Plaintiff
    Michelle Hanrahan
9

10          **UNITED STATES DISTRICT COURT**

11             **DISTRICT OF ARIZONA**

12  **Michelle    Hanrahan,**    an    Arizona        Case No. 2:17-CV-00107-DMF
13  resident,

14                      Plaintiff,
                                                       **PLAINTIFF'S RULE 26(a)(1) INITIAL**
15         v.                                          **DISCLOSURE STATEMENT**

16  **Lone Mountain Electric, LLC** a limited
17  liability  company;  **James  Lord,**  an          **(Assigned to Hon. Deborah M. Fine)**
    Arizona  resident,  **Tammy  Lord,**  an
18  Arizona resident, and **Lynn Meyer,** an
19  Arizona resident,

20                     Defendants.

21

22          Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "**Rules**"),

23  Plaintiff Michelle Hanrahan ("**Hanrahan**"), by and through undersigned counsel, hereby

24  discloses the following information and documents to Lone Mountain Electric, LLC, James

25  Lord, Tammy Lord, and Lynn Meyer, collectively known as ("**Lone Mountain**" or

26
    "**Defendants**.")
27

28

1

## GENERAL STATEMENT

2

The following disclosures are based upon the information reasonably available to

3

the Plaintiff, and are made without waiving: (1) the right to object to the use or admissibility

4

of information provided herein on the grounds of competency, privilege, the work-product

5

doctrine, undue burden, relevancy, materiality, hearsay, or any other proper ground; (2) the

6

7

right to object to the use or admissibility of any such information for any purpose, in whole

8

or in part, at any subsequent stage or proceeding in this or any other action; (3) the right to

9

object on any and all grounds, at any time, to any other discovery request, involving or

10

relating to the subject matter of these disclosures; and/or (4) the Plaintiff's rights to protect

11

from disclosure: (a) any and all communications protected from disclosure by the attorney-

12

13

client privilege; and (b) any and all work product of its attorneys, including the mental

14

impressions, conclusions, opinions or legal theories of its attorneys or other representatives

15

concerning this litigation.

16

The contents of this disclosure statement are provisional and subject to

17

18

supplementation, amendment, explanation, change, and amplification.  For example, other

19

parties may be in possession of important knowledge, information or documents that

20

substantially change the material allegations and/or defenses in this matter.

21

As a result of the foregoing, if any part of this disclosure is ever read to the jury,

22

23

fairness requires that the jury also be read this General Statement, any relevant disclosures

24

below, and any supplementation, amendments, explanations, changes, or amplifications

25

that may occur or be subsequently filed.  Subject to, and without waiving, all of the

26

Plaintiff's preliminary and postliminary statements herein, the Plaintiff hereby discloses

27

the following:

28

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd, Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**A.  THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION—ALONG WITH THE SUBJECTS OF THAT INFORMATION—THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT.**

As stated above, discovery in this case is still ongoing, and as such, not all individuals likely to have discoverable information have been identified. Thus, the following list of individuals is preliminary, and the subjects about which such individuals may have discoverable information is necessarily based only upon discovery currently available to the Plaintiff.

In addition to the areas identified below, it is expected that each listed individuals may testify, *inter alia*, as follows: (1) regarding his/her personal knowledge, belief and/or involvement in this matter; (2) regarding all documents, information or evidence about which the individual has knowledge relating to this matter; (3) regarding his/her role as a corroborative, percipient, expert, impeachment or other witness; (4) as custodian of record(s), or to establish foundation with respect to any and all documents and/or other evidence about which the individual may have knowledge; and/or (5) the facts and circumstances that may be contained in any affidavit, verification, declaration, deposition, sworn or unsworn statement, letter or other document provided or otherwise prepared or witnessed by the individual.

Plaintiff reserves her right to supplement, amend, explain, change or amplify this disclosure should further investigation reveal other relevant information that may require further disclosure as provided by the Rules. Plaintiff also reserves her right to call the individuals identified below regarding any matter, as well as any individuals disclosed by

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

any other party in this matter, as percipient, corroborative, impeachment, expert, or any other type of witnesses at trial, and to change the designation of witnesses at any time.

Any individual below whose address and telephone number is identified as "c/o Zoldan Law Group, PLLC" can be reached at:

> Michael Zoldan
> Jason Barrat
> **ZOLDAN LAW GROUP, PLLC**
> 14500 N. Northsight Blvd., Suite 213
> Scottsdale, AZ 85260
> Tel: 480.442.3410

Any individual below whose address and telephone number is identified as "c/o Chester & Shein, P.C." can be reached at:

> Mark D. Chester
> **CHESTER & SHEIN, P.C.**
> 6720 N. Scottsdale Road, Suite 261
> Scottsdale, AZ 85253
> Tel: 480.922.3933

To the extent prohibited or discouraged by law, or by the Rules of Professional Conduct, *ex parte* contact with any of the individuals disclosed by Plaintiff herein is improper, and Plaintiff hereby objects to the same. Subject to, and without waiving, all of Plaintiff's preliminary and postliminary statements in this disclosure, the following individuals are likely to have discoverable information:

1.   **Michelle Hanrahan**, c/o Zoldan Law Group, PLLC. Ms. Hanrahan is the named Plaintiff in this matter and is expected to testify regarding all issues raised in the complaint, pleadings, disclosures, discovery responses, motions, statements of facts, and documents filed in this matter.

2.   **James Lord**, c/o Chester & Shein, P.C. Mr. Lord is one of the Defendants and owners of Lone Mountain Electric, LLC. He has knowledge of the non-payment of

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd., Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

1    wages.  He is expected to testify regarding all issues raised in the complaint, pleadings,

2    disclosures, discovery responses, motions, statements of facts, and documents filed in this

3    matter.

4
         3.      **Tammy Lord**, c/o Chester & Shein, P.C. Ms. Lord is one of the Defendants

5    and owners of Lone Mountain Electric, LLC.  She has knowledge of the non-payment of

6    wages.  She is expected to testify regarding all issues raised in the complaint, pleadings,

7
8    disclosures, discovery responses, motions, statements of facts, and documents filed in this

9    matter.

10
         4.      **Lynn Meyer**, c/o Chester & Shein, P.C. Ms. Meyer is one of the Defendants

11   and owners of Lone Mountain Electric, LLC.  She has knowledge of the non-payment of

12
     wages.  She is expected to testify regarding all issues raised in the complaint, pleadings,

13
14   disclosures, discovery responses, motions, statements of facts, and documents filed in this

15   matter.

16
         5.      **Hannah Rosen**, c/o Chester & Shein, P.C. Ms. Rosen is an employee of Lone

17
18   Mountain Electric, LLC.  She has knowledge of the non-payment of wages.  She is expected

19   to testify regarding all issues raised in the complaint, pleadings, disclosures, discovery

20   responses, motions, statements of facts, and documents filed in this matter.

21
         6.      **Lawrence Frost**, c/o Chester & Shein, P.C. Mr. Frost is an employee of Lone

22
23   Mountain Electric, LLC.  He has knowledge of the non-payment of wages.  He is expected

24   to testify regarding all issues raised in the complaint, pleadings, disclosures, discovery

25   responses, motions, statements of facts, and documents filed in this matter.

26
         7.      All individuals identified by other parties in this matter;

27
         8.      All individuals that may be identified through subsequent discovery in this

28

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

matter;

9.     All individuals disclosed or otherwise referenced in this Disclosure Statement, and any supplements thereto;

10.     All individuals referenced in any pleadings or other filings in this matter;

11.     All individuals referenced in any exhibits listed by any party;

12.     Any individual whose deposition was, or will be, taken in this case;

13.     Any individual who made written or recorded statements in this matter;

14.     All individuals referenced in any disclosure statements by any party in this case, including any supplements thereto;

15.     All individuals referenced in any responses to discovery propounded by any party to this case;

16.     All individuals referenced in any correspondence between, to, or from the parties or their representatives;

17.     All experts identified in this matter, and all individuals referenced in any reports, supporting materials, or curricula vitae of such experts; and

18.     All individuals referenced in any documents listed, referred to, or in any way utilized by any party.

**B.     A COPY—OR A DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL AND MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS THE USE WOULD BE SOLELY FOR IMPEACHMENT.**

Discovery in this case is ongoing, and as such, not all documents that Plaintiff may use to support her claims or defenses have been located.  As such, Plaintiff reserves the

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd, Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

right to provide a supplementary disclosure of such documents. Plaintiff also reserves the right to seasonably produce all documents disclosed herein on a rolling basis.

For any prior, or supplemental disclosures, Plaintiff will mark those documents as having been disclosed by stamping them with Bates Numbers, or otherwise. Pursuant to Rule 26(a)(1)(B), the following list may not include relevant documents believed to be in Defendants' possession, or in the possession of third parties. The categories of documents identified below are believed to be within the possession of the other partied hereto. Currently, however, the following documents, electronically stored information, and/or tangible things may be used to support the Plaintiff's claims or defenses:

1.     BATES-STAMPED documents **HANRAHAN00001-00004** – Emails to/from Jim Lord and Ms. Hanrahan

2.     BATES-STAMPED documents **HANRAHAN00005-00008** – Industrial Commission documents.

3.     All correspondence regarding and/or including the Plaintiff.

4.     All documents reflecting hours worked by Plaintiff.

5.     All documents reflecting compensation earned by Plaintiff.

6.     All documents reflecting Plaintiff's job duties and responsibilities.

7.     All documents reflecting the job duties and responsibilities of all of the Defendants' employees.

8.     All documents reflecting compensation earned by all of the Defendants' employees.

9.     All document reflecting hours worked by all of the Defendants' employees.

10.    Any and all exhibits listed by any other party, whether or not later withdrawn.

11.    Any and all depositions taken or obtained in this case, the documents identified or referred to in such depositions/statements, and any attachments/exhibits thereto.

12.    Any and all disclosures by any party, and the documents identified, referenced or attached thereto.

13.    Any and all discovery by any party to this case, and the answers, responses and disclosures related thereto.

14.    Any and all correspondence, or other communications, between, to or from the parties, or any individuals identified/disclosed by a party.

15.    All expert reports, and curricula vitae of experts.

16.    Any and all documents offered for impeachment.

17.    Any documents listed, referred to, or in any way utilized, by any other party.

18.    Demonstrative exhibits, including, but not limited to, models, graphics, diagrams or any other representation or summary of any of the documents referenced herein.

19.    Public records and/or documents regarding any party, or any individual identified/disclosed by a party.

20.    All evidence summaries.

Documents **3** to **20** may not be in the Plaintiff's possession, custody or control, but will likely be used to support the Plaintiff's claims or defenses. ***All such documents in the Plaintiff's possession custody or control will be seasonably produced on a rolling basis.***

**C.    A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE**

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED.

To be supplemented.

D.   DISCLOSING PARTY MUST MAKE AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.

Plaintiff is not aware of any such insurance agreement at this time.

DATED April 25, 2017,

ZOLDAN LAW GROUP, PLLC

By: /s/ Jason Barrat
14500 N. Northsight Blvd., Suite 213
Scottsdale, AZ 85260
Attorneys for the Plaintiff

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 25, 2017, I transmitted the attached document to the following CM/ECF Registrants via electronic mail and via U.S. Mail:

Mark D. Chester
**CHESTER & SHEIN, P.C.**
6720 N. Scottsdale Road, Suite 261
Scottsdale, AZ 85253
Email: mchester@cslawyers.com
*Attorneys for Defendants*

/s/ Samantha Struve

ZOLDAN LAW GROUP, PLLC
14500 N. Northsight Blvd. Suite 213 Scottsdale, Arizona 85260
Tel & Fax: 480.442.3410 – mzoldan@zoldangroup.com

**From:** <mmhanrahan@outlook.com>
**Date:** September 20, 2016 at 8:54:43 AM MST
**To:** <accounting@lonemountainelectric.com>

Good morning,

Hope everything is ok. Could you please let me know when you  guys have received payment and I can pick up my check?

Thank you
Michelle Hanrahab

Sent from my iPhone

HANRAHAN000001

**From:** <mmhanrahan@outlook.com>
**Date:** October 28, 2016 at 10:58:57 AM MST
**To:** <jim@lonemountainelectric.com>
**Subject: Final Paycheck**

Jim,

I have waited over three weeks since I resigned to receive my final pay check by mail per your procedures. Is there a reason that you are withholding this check?

Thank you,

Michelle Hanrahan

Sent from my iPhone

HANRAHAN000002

9/27/16, 4:50 PM

# Re: Your Resume

### Michelle Hanrahan

Fri 8/19/2016 3:55 PM

Sent Items

To: Jim Lord <42cedc1a2c0d3ccc80ed0251287dc6c5@reply.craigslist.org>;

Hi Jim,

Thanks for giving me some more details, it sounds like a great opportunity and I am excited to meet with you. I'd like to take a look at what kind of marketing you have in place so far and see what we can do to accelerate your business. As a side note I am still very interested in real estate and would like to hear what I may be able to assist you with in that field as well.

Looking forward to meeting!

Thanks

Michelle Hanrahan
425-777-0022

**From:** Jim Lord <42cedc1a2c0d3ccc80ed0251287dc6c5@reply.craigslist.org>
**Sent:** Friday, August 19, 2016 4:24:28 AM
**To:** tv6fd-5736834030@res.craigslist.org
**Subject:** RE: Your Resume

Hi Michelle,

My company is an electrical contracting business I opened in 2010. We are located in Tempe, AZ and I have been round and round with ideas on developing more service clients. For the most part we have tried outside service sales positions but I am very interested in trying to develop more of a marketing presence on the internet and through facebook. I am currently spending $3000-5000 per month on purchased leads that are also sold to other contractors, thus it becomes very expensive. I am interested in trying to use various platforms to develop our own leads and have a better conversion rate.

The position would be for a marketing person and I would expect to help out with some other office duties, such as answering the phones, etc. We are a small office with just 4 people, plus me in it, so we all have to wear other hats. I was thinking that paying $31,200 per year, plus bonus' based off performance would be fair. I would expect that if things worked out as well as I think they could the position should be worth about $80-90K per year fairly quickly. That would be based on my company selling about $90K per month in service jobs which is a very achievable goal.

I also am a licensed Realtor and if you still have interest in real estate, we could talk about working something out there as well. If not, that is fine as well, not a requirement for the position.

HANRAHAN000003

I will have Jennifer give you a call tomorrow to try and set up a  time to meet.

Thanks!

**From:** craigslist 5736834030 [mailto:tv6fd-5736834030@res.craigslist.org]
**Sent:** Thursday, August 18, 2016 7:19 PM
**To:** 42cedc1a2c0d3ccc80ed0251287dc6c5@reply.craigslist.org
**Subject:** Re: Your Resume

Hi Jim,

Thanks for reaching out. I am interested in hearing more about your company and the position. Attached is a copy of my resume. Let me know when you are available to meet.

Thank you!

Michelle Hanrahan
425-777-0022

**From:** Jim Lord <42cedc1a2c0d3ccc80ed0251287dc6c5@reply.craigslist.org>
**Sent:** Thursday, August 18, 2016 3:51:07 AM
**To:** tv6fd-5736834030@res.craigslist.org
**Subject:** Your Resume

Hello,

Funny enough I was just about to post an add for someone to take care of internet marketing and help out with phones, etc. We have a small office in Tempe, just off Broadway and 48th Street. Anyway, I still plan to post an add but you seem like you could be fit. Let me know if you are interested in interviewing and I will put you in touch with Jennifer our office manager.

Thanks!

Jim Lord

Original craigslist post:
http://phoenix.craigslist.org/evl/res/5736834030.html
About craigslist mail:
http://craigslist.org/about/help/email-relay
Please flag unwanted messages (spam, scam, other):
http://craigslist.org/mf/932223af525e73f222cc4f47b6def10d716d20eb.1

Original craigslist post:
http://phoenix.craigslist.org/evl/res/5736834030.html

HANRAHAN000004



INDUSTRIAL COMMISSION OF ARIZONA
LABOR DEPARTMENT
P.O. BOX 19070
Phoenix AZ  85005-9070
Main Phone (602) 542-4515

NOTICE OF WAGE CLAIM (S)
(Pursuant to A.R.S. 23-357 and A.A.C. R20-5-1004)

WC-1617-0607

CLAIMANT:  MICHELLE M HANRAHAN

RESPONDENT EMPLOYER: LONE MOUNTAIN ELECTRIC LLC

The above respondent employer is hereby notified of a claim which has been filed with the State Labor Department pursuant to the provisions of A.R.S. 23-356 et seq.

If the claim is correct, the respondent employer is required to IMMEDIATELY, make a negotiable check or money order payable to the claimant for the amount of wages claimed, less deduction required by law, and send it to the STATE LABOR DEPARTMENT per the address listed above.

If you dispute the claim, you are required to complete the enclosed "EMPLOYER'S QUESTIONNAIRE FORM" and return it, together with copies of time cards, payroll records and other evidence you wish to use to support your position, as well as payment of any amount which you concede is owed to the claimant and send it to the State Labor Department within ten (10) days of this notice by Fax 602-542-8094 or by email LaborAdmin@azica.gov

If your response to the claim is not received on or before, October 16, 2016 you will be considered in default of responding to the claim and further action will be taken in accordance with the statutes. All responses received by this Department become part of the public record and are made available to the opposing party during the investigation process.

The above notice was mailed by US Postal Service, along with an electronic notice, this is only for reference.

_____October 6, 2016_____          _____Labor Department_____

The Foregoing Notice was sent to the following parties:

LONE MOUNTAIN ELECTRIC LLC
3216 S FAIR LANE
TEMPE, AZ 85282

WC#02/Intake

THE INDUSTRIAL COMMISSION COMPLIES WITH THE AMERICAN WITH DISABILITIES ACT OF 1990.  IF YOU NEED THIS DOCUMENT IN ALTERNATE FORMAT, CONTACT THE STATE LABOR DEPARTMENT AT (602) 542-4515.

HANRAHAN000005



INDUSTRIAL COMMISSION OF ARIZONA
LABOR DEPARTMENT
P.O. BOX 19070
PHONE ...
PHONE (602) ...

Wage Claim Form
Pursuant to ARS §23-356

LABOR DEPT.
OCT 04 2016

Wage Claim No: **1617-0607**
Amount of Claim: **950.00**
W-1 Intake Date: **email**
Staff: **A.S.**

## Claimant Information

| Your Last Name | First Name | MI | Social Security Number* | DOB |
|---|---|---|---|---|
| Hanrahan | Michelle | M | 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 | 06/21/1992 |

| Address | City | State | Zip |
|---|---|---|---|
| 7426 E Stetson Dr Unit 1003E | Scottsdale | AZ | 85251 |

| Email | Phone |
|---|---|
| mmhanrahan@outlook.com | 425-777-0022 |

## Employer Information

| Business Name | Phone | Type of Business |
|---|---|---|
| Lone Mountain Electric LLC | 602-324-3491 | Electric Contractor |

| Address | City | State | Zip |
|---|---|---|---|
| 3216 South Fair Lane | Tempe | AZ | 85282 |

Owner's Name: James Lord          Owner's Address (if available)

Additional Information (Corporate Name, Mailing Address, addl. phone numbers)

## Job Information

Your job title: Marketing/Receptionist          Type of work performed: Marketing, Admin, Phones

Who hired you? James Lord          Their title/ position: CEO

Who supervised you? Hannah          Their title/position: Office Manager/Accounting

Address where work was done: 3218 South Fair Lane Tempe, AZ 85282

Start date of employment: 8/22/16          Last date of employment: 9/16/16

Rate of pay: 31,200          Per: ( )Hour ( )Day ( )Week ( )Month (●)Year ( )Other

How often were you paid? ( )Weekly (●)Bi-Weekly ( )Semi-Monthly ( )Bi-Monthly ( )Other?

Was wage agreement? (●)Written ( )Verbal (if written provide copy)

How were you paid? (●)Check ( )Cash ( )Direct Deposit ( )Pay Card ( )Other?

## General Job Information Questions

| | | |
|---|---|---|
| Was the job contracted in Arizona? | (●)Yes ( )No | If no, where? Failure to pay wages to myself & coworkers |
| Did you quit? | (●)Yes ( )No | If yes, why? |
| Were you discharged? | ( )Yes (●)No | If yes, why? |
| Do you owe money to the employer? | ( )Yes (●)No | If yes, $   Explain: |
| Do you have employer's property? | ( )Yes (●)No | If yes, what?   9/16/16 & 9/20/16 |
| Did you ask for your wages? | (●)Yes ( )No | If yes, enter date(s). |
| Reason given for non-payment of wages: Lack of funds | | |
| Is the employer still in business? | (●)Yes ( )No | |
| Did the employer file bankruptcy? | ( )Yes (●)No | |
| Were you an Independent Contractor? | ( )Yes (●)No | |
| Did your employer withhold taxes? | (●)Yes ( )No | |
| Did the employer keep time cards? | ( )Yes (●)No | |

Continue on 2nd page

*Disclosing your social security number is voluntary. It will assist in processing your claim. It will also be used by this agency in carrying out its other duties including, but not limited to, proper identification, law enforcement, claim processing and program administration.

Labor ICA 3303-Rev 04.07.16

HANRAHAN000006

Wage Claim   Page 2

**Complete the sections that apply to your wage claim.  Attach supporting documents.**

| Hourly | | | | Effective Dates, use "mm/dd/yyyy" format | |
|---|---|---|---|---|---|
| No. of hours unpaid       X $ | | (rate of pay) = | $ 0.00 | From | To |
| **Salary** | | | | | |
| ◯ Hours ◯ Days ⦿ Weeks<br>Total of: 3          X $ 650 | | (rate of pay) = | $ 1,950 | From 8/29/16 | To 9/16/16 |
| **Commission** | | | | | |
| Explain commission agreement (Submit on separate sheet of paper) | | | | | |
| Total sales amount $          X   0% | | %  = | $ 0.00 | From | To |
| **Piece Rate** | | | | | |
| Was job based on completion of work? Yes ◯   No ◯ | | | | | |
| | | Enter Amount Owed | $ | From | To |
| **Vacation/PTO/Sick Time** | | | | | |
| ◯ Hours ◯ Days ◯ Weeks        Submit copy of policy | | | | | |
| Total of        X $ | | (rate of pay) = | $ 0.00 | From | To |
| **Bonus** | | | | | |
| Explain bonus agreement (Submit on separate sheet of paper) | | | | | |
| | | Enter amount of bonus owed. | $ | From | To |
| **Unauthorized Deductions** | | | | | |
| Submit copy of paystub(s) | | | | | |
| | | Enter amount | $ | From | To |
| **Mileage** | | | | | |
| (Number of miles)          X | | Cents per mile. = | $ 0.00 | From | To |
| **NSF Check(s)** | | | | | |
| Submit bank documents | | Enter amount | $ | From | To |
| **Other** | | | | | |
| (Attach an explanation on a separate sheet of paper) | | | | | |
| | | Enter amount | $ | From | To |

**Enter Total Gross Amount**        $ 1,950
(Do not deduct any taxes)

IF YOUR WAGE CLAIM IS INCOMPLETE IT MAY BE RETURNED TO YOU, AN INCOMPLETE WAGE CLAIM MAY DELAY THE PROCESS OR EVEN CAUSE A DISMISSAL OF YOUR WAGE CLAIM.

I hereby certify that this is a true and accurate statement to the best of my knowledge.  I understand that acceptance of this claim by the Labor Department does not guarantee collections.  I authorize the Labor Department to receive any monies due to me and to mail such monies at my own risk.  (Checks will be mailed certified to your address listed with the Labor Department.)

Date 9/28/16          Claimant's Signature *Michelle Hanrahan*

Office intake  CSR Signature   ABIGAIL                              Date 10/16/16   OCT 0 4 2016

LABOR DEPT.

Labor ICA 3303-Rev 04 07 16                        **Submit**

HANRAHAN000007

INDUSTRIAL COMMISSION OF ARIZONA
LABOR DEPARTMENT
P.O. BOX 19070
PHOENIX AZ  85005-9070
(602) 542-4515

### NOTICE OF WAGE CLAIM DISMISSAL
(Pursuant to A.A.C. R20-5-1006)

WC-1617-0607

Claimant: MICHELLE M HANRAHAN                    Respondent Employer: LONE MOUNTAIN ELECTRIC LLC

Notice is hereby given, that the above cited wage-claim is not within the jurisdiction of the State Labor Department pursuant to A.R.S. §23-350 et seq.  Your claim has been dismissed for the following reason:

The claimant has filed a civil lawsuit regarding the same wage action which is the subject of this claim.

| November 16, 2016 | | Larry Vernon |
|---|---|---|
| Date | | Investigator |

Record of Service

The foregoing Notice of Wage Claim Dismissal was sent to the following party (ies):

MICHELLE M HANRAHAN
7426 E. STETSON DR  UNIT 1003E
SCOTTSDALE, AZ 85251

LONE MOUNTAIN ELECTRIC LLC
3216 S FAIR LANE
TEMPE, AZ 85282

#11 (CIVIL SUIT)

THE INDUSTRIAL COMMISSION COMPLIES WITH THE AMERICANS WITH DISABILITIES ACT OF 1990.  IF YOU NEED ANY OF OUR DOCUMENTS IN ALTERNATIVE FORMAT, CONTACT THE STATE LABOR DEPARTMENT AT (602) 542-4515.

HANRAHAN000008

# EXHIBIT C

Luane Rosen - 013391<br>
**SCHNEIDER & ONOFRY, P.C.**<br>
3101 North Central Avenue, Suite 600<br>
Phoenix, Arizona 85012-2658<br>
Telephone: (602) 200-1283<br>
Fax: (602) 230-8985<br>
E-mail: minute-entries@soarizonalaw.com<br>
lrosen@soarizonalaw.com

Attorneys for Defendant Hannah Rosen

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle Hanrahan, an Arizona resident,, | No. 2:17-CV-00107-DMF |
| Plaintiff, | **AFFIDAVIT OF DEFENDANT HANNAH ROSEN** |
| vs. | (Assigned to The Honorable Deborah M. Fine) |
| Lone Mountain Electric, LLC, a limited liability company; James Lord, an Arizona resident; Tammy Lord, an Arizona resident; Lynn Meyer, an Arizona resident; and Hannah Rosen, an Arizona resident, | |
| Defendants. | |

STATE OF ARIZONA  )
) ss.
County of Maricopa  )

I, Hannah Rosen, state under oath as follows:

1.    I am over the age of 18 and am competent to make this affidavit.

2.    I began working for Lone Mountain Electric, LLC ("LME") on September 2, 2016.

3.    I was hired by James Lord.

4.    At the time I was hired, Plaintiff Michelle Hanrahan was already working for LME.

5.    I was hired to perform clerical services, including bookkeeping; running payroll upon approval from James Lord; accounts receivable, including invoicing

and making bank deposits upon approval from James Lord; accounts payable upon approval from James Lord; e-verification of new employees; keeping hard files of employee files; purchasing as approved by James Lord; and cleaning the office occasionally.

6. I have never had any ownership interest in LME.

7. I was never employed in any management position at LME.

8. I had no authority to hire any employees for LME and did not hire Plaintiff to work at LME.

9. I had no authority to discipline employees at LME, including Plaintiff.

10. I had no authority to fire any employees at LME, including Plaintiff.

11. I did not supervise or control the work of any employees at LME, including Plaintiff.

12. I did not control or authorize the work schedules of any employees at LME, including Plaintiff.

13. I did not determine the rate or method of payment of any employees at LME, including Plaintiff.

14. I did not decide when or how much to pay any employees at LME, including Plaintiff.

15. I ran payroll for the company and handed out paychecks in my clerical capacity, but only following James Lord's approval and direction.

16. Although I kept copies of the employment files, I did so only in my clerical capacity.

Dated this _1st_ day of December, 2017.

Hannah Rosen

The foregoing was sworn to before me this 1st day of December, 2017, by Hannah Rosen.



Notary Public

My Commission Expires: 01-09-2019

# EXHIBIT D

RECEIVED MAY 3 0 2017

1  Mark D. Chester (011423)
   CHESTER & SHEIN, P.C.
2  6720 N. Scottsdale Road
   Suite 261
3  Scottsdale, AZ 85253
   Telephone: (480) 922-3933
4  Facsimile: (480) 922-3969
   mchester@cslawyers.com
5  *Attorneys for Defendants*

6

7              UNITED STATES DISTRICT COURT

8                    DISTRICT OF ARIZONA

9

10  MICHELLE HANRAHAN, an Arizona          Case No. 2:17-cv-00107-DMF
    resident,

11              Plaintiff,

12        v.

13  LONE MOUNTAIN ELECTRIC, LLC, a        **DEFENDANTS' RESPONSE TO**
    limited liability company; JAMES LORD, an   **PLAINTIFF'S FIRST REQUESTS**
14  Arizona resident; TAMMY LORD, an Arizona   **FOR NON-UNIFORM**
    resident; and LYNN MEYER, an Arizona   **INTERROGATORIES**
15  resident,

16

17              Defendants.

18

19       Defendants submit their responses to Plaintiff's *First Requests for Non-Uniform*

20  *Interrogatories*, as follows:

21                **NON-UNIFORM INTERROGATORIES**

22  **INTERROGATORY NO. 1:**  Within the last five years to present, please identify any

23  complaint, allegation, charge, lodged with or against You, asserting any act or alleged

24  violation of the Fair Labor Standards Act "FLSA" or non-payment of wages. This

25  Interrogatory requires you to identify all persons involved in each complaint, allegation

26

1   or demand; a detailed description of the substance thereof, including the facts, claims
2   and defenses; the ultimate resolution thereof; and all documents related thereto.

3   *There have been several disputes with the Industrial Commission of Arizona*
4   *during that time period. That information may be available through the Industrial*
5   *Commission. Otherwise, Defendant Lone Mountain Electric no longer has any records*
6   *regarding those disputes.*

7   **INTERROGATORY NO. 2**: Within the last five years to present, identify all workers
8   (a) who held a same job title or position; the same as, or equivalent to, any job title or
9   position held by Plaintiff at any location, and (b) who were assigned, or who actually
10  performed, the same or equivalent job duties/responsibilities as the job
11  duties/responsibilities that Plaintiff was assigned or actually performed for You.

12  *Defendants are not aware of any individuals with the same job title or work*
13  *position.*

14  **INTERROGATORY NO. 3**: Describe in detail the facts that you considered in
15  determining how to structure Plaintiff's compensation including any alterations thereto.

16  *Based on Plaintiff's experience, skills and the needs of the company.*

17  **INTERROGATORY NO. 4**: Identify all Your related entities (including its parent,
18  sister, surviving, affiliated, predecessor and successor companies), and describe any
19  changes (including mergers, acquisitions, dissolutions, sales, or changes to management,
20  ownership, or otherwise) that occurred among any of the related entities for the past ten
21  years.

22  *None.*

23  **INTERROGATORY NO. 5**: Identify any and all methods, mechanisms, technology
24  and documents You have used during the last five years to track or monitor the time
25  worked by Plaintiff as well as any other current/former employee, and describe in detail
26  how such time records impact your workers' pay, as well as any impact or influence

1   such time records have on employment decisions (including decisions regarding

2   retention, promotion, demotion, discipline, and performance evaluations).

3       *Time sheets.*

4   **INTERROGATORY NO. 6:** For each worker that has worked for You within the last

5   five years to present, state that worker's: position; all duties and responsibilities; their

6   primary duty; whom (if anyone) they supervised; whom (if anyone) they could hire or

7   fire; how their suggestions or recommendations regarding hiring, firing, advancement,

8   promotion or other change of status were given weight (if any such weight was given);

9   all duties in which they were customarily and regularly engaged; rate of pay; dates of

10   employment; last known address and telephone number; whether you classify/classified

11   them as exempt or non-exempt under the Fair Labor Standards Act; and, if classified as

12   exempt, the exemption you claim(ed) they fall under.

13       *Objection. The information requested is not reasonably calculated to lead to the*

14   *discovery of admissible evidence. Further, the information requested is personal and*

15   *confidential and not subject to discovery.*

16   **INTERROGATORY NO. 7:** From the last five years until present, was Plaintiff or any

17   other of Your employees ever paid overtime during any pay period where they were

18   employed by You and worked more than 40 hours in a given work week? If so, identify

19   all employees' names and contact information, wage periods for which overtime was

20   paid, the overtime rate, and the method of calculating the overtime rate at which each

21   identified employee was paid.

22       *Objection. The information requested is not reasonably calculated to lead to the*

23   *discovery of admissible evidence. Further, the information requested is personal and*

24   *confidential and not subject to discovery.*

25   **INTERROGATORY NO. 8:** From the last five years until present, was Plaintiff or any

26   other of Your employees ever paid under minimum wage during any pay period where

- 3 -

1  they were employed by You? If so, identify all employees' names and contact

2  information, wage periods for which they were paid under minimum wage, and amount

3  they were actually paid compared to the hours they worked.

4       *None.*

5  **INTERROGATORY NO. 9:** Are there any time periods during which Plaintiff worked

6  for You in which you do not have clear and accurate records of all time she worked

7  during a given work week? If so, identify all suspected time periods for which you do

8  not have clear and accurate records of all hours worked by Plaintiff.

9       *Plaintiff did not complete a time sheet for her last week of employment.*

10 **INTERROGATORY NO. 10:** Identify and describe in detail any and all management

11 training procedures that involve employee time records, time clock usage, instructions

12 for and scenarios in which necessitate time clock changing or manipulation, and how

13 You tracked the time worked by your employees.

14      *Management explains to employee in detail how to fill out time sheets and all time*

15 *sheets are to be signed by the employee's supervisor.*

16 **INTERROGATORY NO. 11:** Have You ever paid any employee cash for work

17 performed that was not processed through, or with the assistance of, a payroll processing

18 company? If your answer to this Interrogatory is anything other than an unqualified

19 "No" identify the following: name and contact information of each employee, including

20 the employee's job title, position, pay rate, location, supervisor, and individual who

21 hired and fired the employee.

22      *No.*

23 **INTERROGATORY NO. 12:** Separately identify and describe with specificity all pre-

24 litigation actions, and all post-litigation actions, taken pursuant to the Rules, or

25 otherwise, to preserve and protect potential evidence related to this matter, and all

26 documents related thereto.

1   A full response to this request requires, at a minimum, that you identify (a) the
2   date(s) of each and every such action, (b) all individuals related to the action, (c) any
3   efforts made to contact persons related to you in order to ascertain what potential
4   evidence they may have, or be able to obtain, and (d) any efforts made to ascertain what
5   potential evidence may be within your possession, custody or control. This request
6   includes the identity, and a description, of any such actions about which you were
7   advised or notified (regardless of whether you actually took, authorized or approved of
8   the action).

9   *Defendants have taken efforts to avoid deleting or destroying any relevant emails*
10  *and documents to this case.*

11  **INTERROGATORY NO. 13:** Identify any individual who acted directly or indirectly
12  in the interest of You in relation to Plaintiff. This will include any individual that
13  exercised control over the nature and structure of the employment relationship or
14  economic control over the relationship.

15  *Hannah Rosen.*

16  **INTERROGATORY NO. 14:** Identify all individuals who performed any of the
17  following activities in relation to Plaintiff's employment and identify which activity they
18  did: a) hired, b) compensated for work performed, c) had control over daily work
19  activity, d) managed, e) disciplined, f) fired, g) determined payrate, h) the responsibility
20  to maintain employment record, i) issued paycheck, j) scheduled hours, and k) payroll.

21  *Jim Lord: a, b, c, d, g, h and j*
22  *Hannah Rosen; i and k.*

23
24  //      //
25
26  //      //

1       DATED this 26th day of May, 2017.

2                           CHESTER & SHEIN, P.C.

3

4                  By:____/s/ Mark D. Chester_____

                       Mark D. Chester, Esq.

5                        6720 N. Scottsdale Road

                       Suite 261

6                        Scottsdale, AZ 85253

7                        *Attorneys for Defendants*

8 ***Original*** sent via U.S. mail

9 this 26th  day of May, 2017.

10 Jason Barrat, Esq.

   ZOLDAN LAW GROUP, PLLC

11 14500 N. Northsight Blvd, Suite 213

12 Scottsdale, AZ 85260

   *Attorneys for Plaintiff*

13

14 */s/ Sara Roberts*

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT E

Luane Rosen - 013391
**SCHNEIDER & ONOFRY, P.C.**
3101 North Central Avenue, Suite 600
Phoenix, Arizona 85012-2658
Telephone: (602) 200-1283
Fax: (602) 230-8985
E-mail: minute-entries@soarizonalaw.com
lrosen@soarizonalaw.com

Attorneys for Defendant Hannah Rosen

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Hanrahan, an Arizona resident,, | No. 2:17-CV-00107-DMF |
| Plaintiff, | **DEFENDANT HANNAH ROSEN'S RESPONSE TO PLAINTIFF'S SECOND REQUESTS FOR NON-UNIFORM INTERROGATORIES** |
| vs. | |
| Lone Mountain Electric, LLC, a limited liability company; James Lord, an Arizona resident; Tammy Lord, an Arizona resident; Lynn Meyer, an Arizona resident; and Hannah Rosen, an Arizona resident, | (Assigned to The Honorable Deborah M. Fine) |
| Defendants. | |

Defendant Hannah Rosen hereby responds to Plaintiff's Second Requests for Non-Uniform Interrogatories as follows. Defendant Rosen reserves the right to supplement, change, modify or otherwise amend the responses contained herein pursuant to the Federal Rules of Civil Procedure as additional information comes to light through discovery.

<u>GENERAL OBJECTIONS</u>

1.       Each response and objection produced in response to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen is subject to all objections as to competence, relevance, materiality, admissibility, and all other objections on any grounds that could require the exclusion of any response or objection at the time of

trial. These objections are expressly reserved and may be interposed at the time of trial. No incidental or implied admissions are intended by these responses.

2. Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent that they are vague, ambiguous, overbroad, oppressive, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not described with a reasonable level of particularity, or not relevant to the claims or defenses of either party.

3. Defendant objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent that they may be construed to seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. To the extent that Defendant Rosen substantively responds herein, Defendant Rosen does not concede that the responses or information are relevant to this action. Defendant Rosen expressly reserves the right to object to further discovery into the subject matter of any of these responses and to object to the admissibility of any information produced.

4. To the extent that any of the requests seek information that is, in whole or in part: (1) trial preparation materials or attorney work product not discoverable under Federal Rule of Civil Procedure 26; (2) protected by the attorney-client privilege, self-critical analysis privilege, or other privilege, exemption or immunity available to Defendant Rosen under any applicable rule, statue, or order; or (3) materials that Defendant Rosen, by agreement or law, is required to maintain in confidence or privacy, Defendant Rosen objects to each and every such request and will not supply or render any protected information.

5. Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent they purport to require

Defendant Rosen to obtain information not in the possession, custody or control of Defendant Rosen.

6.      Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent they seek to impose duties on Defendant Rosen beyond those imposed by Federal Rules of Civil Procedure 26 and 33. Defendant Rosen will comply with her obligations as set forth by these Rules.

7.      Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent they seek confidential, proprietary, or sensitive business information, documents, or things and to the extent they seek confidential information, documents, or things about persons or entities who are not parties or witnesses.

8.      Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent they seek information and/or documents already in Plaintiff's possession and/or readily accessible to Plaintiff.

9.      Defendant Rosen objects to Plaintiff's Second Requests for Non-Uniform Interrogatories on Defendant Rosen to the extent they are repetitive, redundant, and intended to harass and intimidate Defendant Rosen.

10.      Nothing contained in Defendant Rosen's answers should be construed as an admission of the relevance or admissibility of the information and documents sought in the Interrogatories or identified in the answers.

Defendant Rosen's responses are based on information and documents presently available to Defendant Rosen and, except for explicit facts submitted herein, no incidental or implied admissions are intended hereby.

The above General Objections are made to each Interrogatory, and are incorporated into each response by reference, whether or not specifically stated therein. The fact that Defendant Rosen has responded to part or all of any requests should not be

1  construed as an admission that Defendant Rosen accepts or admits the existence of any

2  facts set forth or assumed by such request, or that such response constitutes admissible

3  evidence, nor should the fact that Defendant Rosen has responded to any request be

4  construed by Plaintiff as a waiver of any objections to the request.

5          The responses and objections provided here are provided solely for the

6  purpose of this action.  Defendant Rosen has not completed her investigation of the facts

7  relating to this case, has not completed discovery, and has not completed her trial

8  preparation.  The responses and objections provided herein are based upon information

9  presently available and specifically located by Defendant Rosen and her attorneys.  In

10 addition, any statement that documents will be produced in response to a particular

11 Interrogatory means that they will be produced only if such documents or information

12 exist, are in Defendant Rosen's possession, are relevant and non-privileged, and can be

13 located in a reasonable search of the most likely repositories of responsive documents.

14          Subject to the foregoing, Defendant Rosen responds as follows:

15                     **NON-UNIFORM INTERROGATORIES**

16 **INTERROGATORY NO. 1:**    Within the last five years to present, please identify any

17 complaint, allegation, charge, lodged with or against You, asserting any act or alleged

18 violation of the Fair Labor Standards Act "FLSA" or non-payment of wages. This

19 Interrogatory requires you to identify all persons involved in each complaint, allegation or

20 demand; a detailed description of the substance thereof, including the facts, claims and

21 defenses; the ultimate resolution thereof; and all documents related thereto.

22 **RESPONSE:**       **None**

23 **INTERROGATORY NO. 2:**    Describe in detail all evidence and reasons which

24 support any denials or affirmative defenses set forth in Defendant Hannah Rosen's Answer

25 (Dkt. 43) paragraph by paragraph.

26

1812975                                    - 4 -

1  **RESPONSE:**      Defendant Hannah Rosen is not an employer under state or
2  federal law.  Defendant Rosen had no power to hire or fire employees, did not
3  supervise or control employee work schedules or conditions of employment, did not
4  determine the rate and method of payment of any person, and while she maintained
5  the physical files, she did not maintain employment records in any capacity other
6  than as a clerical worker.  *See, e.g., Bonnette v. California Health & Welfare Agency,*
7  *704 F.2d 1465, 1470 (9th Cir. 1983), disapproved on other grounds by Garcia v. San*
8  *Antonio Metro Transit Auth.,* 469 US. 528 (1985).
9            Further, other than as described above, Defendant Rosen did
10 nothing to maintain the employment file of Plaintiff, who was hired by Defendant
11 **Lone Mountain Electric, LLC before Defendant Rosen was hired.**
12 **INTERROGATORY NO. 3:**      Within the last five years to present, identify all workers
13 (a) who held a same job title or position; the same as, or equivalent to, any job title or
14 position held by Plaintiff at any location, and (b) who were assigned, or who actually
15 performed,   the   same   or   equivalent   job   duties/responsibilities   as   the   job
16 duties/responsibilities that Plaintiff was assigned or actually performed.
17 **RESPONSE:**      Objection: This interrogatory is vague, ambiguous, and overly
18 **broad.  Notwithstanding this objection, and as limited to Defendant Lone Mountain**
19 **Electric, LLC, Defendant Hannah Rosen has no knowledge responsive to this**
20 **interrogatory.  Defendant Rosen was hired after Plaintiff and has no knowledge of**
21 **any persons hired in the same or similar capacity as Plaintiff prior to Defendant**
22 **Rosen's employment with Defendant Lone Mountain Electric, LLC.  Further, upon**
23 **information and belief, Defendant Rosen does not believe Defendant Lone Mountain**
24 **Electric, LLC hired anyone to perform Plaintiff's job duties following Plaintiff's**
25 **departure from Defendant Lone Mountain Electric, LLC.**
26

1812975                                      - 5 -

**INTERROGATORY NO. 4:**    List Your job duties and responsibilities while working for Lone Mountain Electric, LLC.

**RESPONSE:**    Defendant Rosen had the following job duties and responsibilities while working for Defendant Lone Mountain Electric, LLC:

- Bookkeeping, including running payroll upon approval from James Lord
- Accounting receivable, including invoicing and making bank deposits upon approval from James Lord
- Accounts payable upon approval from James Lord
- Perform e-verification for new employees
- Kept hard files of employee files
- Purchasing as approved by James Lord
- Cleaned the office occasionally

**INTERROGATORY NO. 5:**    List all employees of Lone Mountain Electric, LLC, who you ran payroll for.

**RESPONSE:**    Defendant ran payroll following approval by James Lord for the following employees:

- Defendant James Lord
- Plaintiff Michelle Hanrahan
- Defendant Hannah Rosen
- Lawrence Frost
- Approximately 50 or more employees who worked in the field.  These employees did not all work for Defendant Lone Mountain Electric, LLC at the same time.

**INTERROGATORY NO. 6:**    Was Plaintiff or any other employee of Lone Mountain Electric, LLC ever paid under minimum wage during any pay period where they were employed? If so, identify all employees' names and contact information, wage periods for which they were paid under minimum wage, and amount they were actually paid compared to the hours they worked.

**RESPONSE:**    Upon information and belief, no.  None of the employees were **minimum wage employees.   To the extent this interrogatory calls for a legal conclusion, Defendant Rosen objects.**

**INTERROGATORY NO. 7:**    Identify and describe in detail any and all management training procedures that involve employee time records, time clock usage, instructions for and scenarios in which necessitate time clock changing or manipulation, and how You or Lone Mountain Electric, LLC tracked the time worked by the employees.

**RESPONSE:**    **Defendant Rosen had no management training involving any of these topics.  The prior bookkeeper, Jennifer Adair, explained the time cards used by Defendant Lone Mountain Electric, LLC.   There was no time clock.   Employees turned their time cards into Defendant Rosen, generally on a weekly basis, which were reviewed by Defendant James Lord; and James Lord then instructed Defendant Rosen on the amounts to pay each employee.  Defendant Rosen ran the payroll only at the direction of James Lord.**

**INTERROGATORY NO. 8:**    Separately identify and describe with specificity all pre-litigation actions, and all post-litigation actions, taken pursuant to the Rules, or otherwise, to preserve and protect potential evidence related to this matter, and all documents related thereto.

A full response to this request requires, at a minimum, that you identify (a) the date(s) of each and every such action, (b) all individuals related to the action, (c) any efforts made to contact persons related to you in order to ascertain what potential evidence they may have, or be able to obtain, and (d) any efforts made to ascertain what potential evidence may be within your possession, custody or control. This request includes the identity, and a description, of any such actions about which you were advised or notified (regardless of whether you actually took, authorized or approved of the action).

1  **RESPONSE:**      Defendant Rosen took no pre-litigation actions responsive to this
2  **request.**

3             Following service of this lawsuit on Defendant Rosen, Defendant
4  **Rosen has gathered and produced documents in her possession.  Defendant Rosen**
5  **does not have exact dates, but these actions would have been taken sometime after**
6  **being served on or about September 25, 2017.**

7  **INTERROGATORY NO. 9:**      Identify any individual who acted directly or indirectly
8  in the interest of You in relation to Plaintiff. This will include any individual that exercised
9  control over the nature and structure of the employment relationship or economic control
10 over the relationship.

11 **RESPONSE:**      Defendant Rosen objects to this interrogatory as vague and
12 **ambiguous with regard to what is meant by anyone acting in the interest of Hannah**
13 **Rosen in relation to Plaintiff.  Notwithstanding that objection, Defendant Rosen and**
14 **Plaintiff were co-workers, both employed by Defendant Lone Mountain Electric.**

15             Defendant Rosen objects to this interrogatory as vague and
16 **ambiguous with regard to what is meant by exercising "economic control over the**
17 **relationship."      Notwithstanding this objections, upon information and belief,**
18 **Defendant James Lord exercised control over the nature and structure of Plaintiff's**
19 **(and Defendant Rosen's) employment relationship with Defendant Lone Mountain**
20 **Electric, and Defendant James Lord exercised economic control over the relationship.**

21 **INTERROGATORY NO. 10:**    Identify all individuals who performed any of the
22 following activities in relation to Plaintiff's employment and identify which activity they
23 performed: a) hired, b) compensated for work performed, c) had control over daily work
24 activity, d) managed, e) disciplined, f) fired, g) determined payrate, h) the responsibility to
25 maintain employment record, i) issued paycheck, j) scheduled hours, and k) payroll.

26

1  **RESPONSE:**        Defendant Hannah Rosen responds to each interrogatory subpart

2  as follows:

3      (a)    Upon information and belief, Defendant James Lord hired Plaintiff.
4             Defendant Rosen lacks actual knowledge regarding this interrogatory
              because Defendant Rosen was hired *after* Plaintiff.
5      (b)    Upon information and belief, Defendant Lone Mountain Electric
6             compensated Plaintiff for work performed.
7      (c)    Upon information and belief, Defendant James Lord controlled
              Plaintiff's daily work activities.
8      (d)    Upon information and belief, Defendant James Lord managed Plaintiff.
       (e)    Upon information and belief, Defendant James Lord would have
9             disciplined Plaintiff; however, Defendant Rosen is unaware of any
              discipline occurred.
10     (f)    Upon information and belief, Defendant James Lord would have been
11            the person to fire Plaintiff; however, Defendant Rosen is unaware of any
              firing of Plaintiff by Defendant James Lord and is under the belief that
12            Plaintiff voluntarily quit her employment with Lone Mountain Electric.
13     (g)    Upon information and belief, Defendant James Lord determined
              Plaintiff's pay rate.
14     (h)    Upon information and belief, Defendant James Lord had the
              responsibility to maintain employment records; however Defendant
15            Rosen maintained these hard files in her capacity as a clerical worker.
16     (i)    Upon information and belief, Defendant James Lord had the
              responsibility to issue paychecks; however, after obtaining approval
17            from James Lord, Defendant Rosen in her clerical capacity ran the
              payroll and handed out paychecks to employees.
18     (j)    Upon information and belief, Defendant James Lord would have worked
19            with Plaintiff on scheduling Plaintiff's hours.
       (k)    Defendant Rosen ran the payroll in her clerical capacity; however,
20            Defendant James Lord reviewed and authorized the payroll beforehand.

21 **INTERROGATORY NO. 11:**    Identify documents and describe in detail all economic

22 control You had over Plaintiff.

23 **RESPONSE:**        Defendant Hannah Rosen objects to this interrogatory as vague

24 and ambiguous as to what is meant by any economic control Defendant Rosen had

25 over Plaintiff. Defendant Rosen also objects to the extent this interrogatory calls for a

26 legal conclusion.

1812975                                  - 9 -

1              Notwithstanding these objections, Defendant Rosen asserts that

2    she had no economic control over Plaintiff.

3    <u>ADDITONAL OBJECTION AS TO NUMBER OF INTERROGATORIES</u>:   These

4    interrogatories, including subparts, exceed the 25-interrogatory limit of Rule 33,

5    Fed.R.Civ.P.  Notwithstanding this objection, Defendant Rosen has elected to answer

6    these interrogatories, subject to all other objections set forth above.

7              Dated this 20th day of November 2017.

8                        SCHNEIDER & ONOFRY, P.C.

9

10                      By _____

11                        Luane Rosen
                          3101 N. Central Avenue, Suite 600
                          Phoenix, Arizona  85012-2658

12                        Attorneys for Defendant Hannah Rosen

13   COPY of the foregoing emailed the 20th

14   day of November, 2017, with ORIGINAL
     to be mailed the 21st day of November 2017, to:

15

16   Michael Zoldan
     Jason Barrat
     Jessica Miller

17   **Zoldan Law Group, PLLC**
     14500 N. Northsight Blvd, Suite 213

18   Scottsdale, AZ 85260
     mzoldan@zoldangroup.com

19   jbarrat@zoldangroup.com
     jmiller@zoldangroup.com

20   *Attorneys for Plaintiff*
                  21st LR

21   COPY mailed the 20th day of November, 2017, to:

22   Lone Mountain Electric, LLC
     James Lord

23   Tammy Lord
     Lynn Meyer

24   3216 S. Fair Lane
     Tempe, Arizona  85282

25   *Defendants Pro Per*

26   By: _____

     1812975                          - 10 -

1   STATE OF ARIZONA      )
                          ) ss.
2   County of Maricopa    )

3       I, Hannah Rosen, being duly sworn, depose and say that I am a Defendant in this

4   action, that I have read the foregoing answers to Plaintiff's Second Requests for Non-

5   Uniform Interrogatories and know the contents thereof, and the same are true to my

6   knowledge, information, and belief.

7

8                                           _____
                                            Hannah Rosen
9

10      The foregoing was sworn to before me this ___14th___ day of __November__,

11  2017, by Hannah Rosen.

12
                                            _____
13      * OFFICIAL SEAL *                   Notary Public
        Amanda Maez
14      Notary Public - Arizona
        Maricopa County
        My Commission Expires 1/9/2019
15

16  My Commission Expires: 01-09-2019

17

18

19

20

21

22

23

24

25

26

1812975                          - 12 -